**JUDGE PHILIP MARTINEZ**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

)  Craig Cunningham, Pro Se
)  Plaintiff
)
)      v.                              **COMPLAINT**
)                                      **CIVIL ACTION NO.**
)
)  Experian Corporation, Dyck O' Neal, Inc,
)  and John and/or Jane Does 1-10
)  Travelers Casualty and Surety Company of America
)  Defendants

EP07CA0241

## Parties

1. The name of the plaintiff is Craig Cunningham (hereinafter "plaintiff Cunningham) residing at 7984 Nightfall, El Paso, Tx 79932. Plaintiff Cunningham is a natural person who resides here in the city of El Paso, County of El Paso, State of Texas, and is a "consumer" as that term is defined by the Fair Credit reporting Act 15 U.S.C 1681(a)(c) (Hereinafter FCRA).

2. Experian, Inc (Hereinafter "Defendant Experian") is a California corporation and a consumer reporting agency, as the term is defined by 15 U.S.C 1681(a)(f), and is operating from an address of 475 Anton Blvd, Costa Mesa, California.

Upon information and belief, Dyck O' Neal, Inc. (Hereinafter: Defendant Dyck) is a Texas corporation and a debt collector as defined by 15 USC 1692 and the Texas Finance Code 392.001(1)(5) and operates from an address of 3214 W. Park Road Dr., Arlington, Tx., 76013.

Upon information and belief, Traveler's Casualty and Surety Company of America is the current holder of a surety bond for Defendant Dyck and is also liable and operates from the business address of 1 Tower Sq., Hartford, Connecticut 06183-0001.

1

3. Upon information and belief, Defendant, John Doe's 1-10 are natural persons employed by Defendant Experian as customer service representatives and Defendant Dyck as debt collectors at all times relevant to this complaint.

Upon information and belief, Jane Doe #1 is an employee named "Kutrell" that works for Defendant Experian. Upon information and belief, John Doe #2 is Jane Doe #1's supervisor that works for Defendant Experian. Upon information and belief, John Doe #3 is a debt collector named "Rick Lopez", employed by Defendant Dyck, and Jane Doe #4 is a debt collector named "Joy" employed by Defendant Dyck. Upon information and belief, Jane Doe #6 is an employee of Defendant Experian named "Destiny" that works on "team trailblazers". Upon information and belief, John/Jane Doe 7-10 are employees of Defendant Dyck that are responsible for credit inquiries, responding to credit disputes, and furnishing information to the credit bureaus.

## Jurisdiction

4. Jurisdiction of this court arises under 28 U.S.C 1331 and pursuant to 15 U.S.C 1692k(d), and pursuant to 28 U.S.C 1367 for pendent state law claims. Venue in this District is proper in that the defendants transact business here, and the acts and transactions occurred here.

## Cause of Action I

Plaintiff Cunningham hereby re-incorporates and re-alleges the allegations set forth above.

5. The Fair Credit Reporting Act ("FCRA") establishes federal jurisdiction for the Plaintiff's cause of action pursuant to 15 U.S.C. §§ 1681 et seq. The Texas Business and commerce Code (TXBCC) Chapter 20 and the Texas Deceptive Trade Practices Act (TXDTPA), Chapter 17 of the Texas Business and Commerce code for pendant state law claims.

A. Defendant, Experian Information Solutions, Inc. ("Experian") did not follow reasonable procedures to assure the maximum possible accuracy on Plaintiff's credit report, pursuant to and in violation of 15 USC § 1681(e)(b) and the TXBCC chapter 20.

B. Jane Doe #1 and John Doe #2, each willfully refused to investigate a dispute by Plaintiff Cunningham's dispute regarding his consumer report, pursuant to 15 U.S.C 1681(i)(a)(1)(A) and TXBCC 20.06(a), which is a state and FCRA violation, and Defendant Experian also failed to provide dispute results again violating both laws.

C. According to 15 U.S.C 1681 and TXBCC 20.06(a), if a consumer disputes any information contained in their file, the consumer reporting agency must conduct a reasonable investigation to determine the accuracy of the information within 30 days.

D. A consumer file is defined as "all information about a consumer that is recorded and retained "by the TXBCC 20.03. Likewise, the term "file", when used in connection with information on any consumer, means all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored, pursuant to 15 USC 1681(a)(g).

E. Jane Doe's #1 and John Doe #2's refusal to dispute the information in the file, Defendant Experian also failed to promptly notify the data furnisher of dispute within 5 days pursuant to 15 U.S.C 1681(i)(2) and TXBCC 20.06(a), violating both Federal and state law.

F. Jane Doe #6 refused to correct inaccurate information contained in Plaintiff's consumer report in violation of the FCRA 15 U.S.C. §1681(e) and TXBCC 20.06(a). In violation of 15 U.S.C. §§ 1681i and TXBCC 20.06(a) Jane Doe #6 failed delete the item from the file after 30 days had expired.

**Cause of Action II**

Plaintiff Cunningham hereby re-incorporates and re-alleges the allegations set forth above.

3

6. The Fair Credit Reporting Act ("FCRA") establishes federal jurisdiction for the Plaintiff's cause of action pursuant to 15 U.S.C. §§ 1681 et seq., as well as the Fair Debt Collection Practices Act (FDCPA) 15USC 1692 et seq, and Frauds and swindles, 18 USC 1341 et seq (Mail Fraud).

The Texas Business and commerce code chapters 20 et seq, the Texas Finance code section (TXFC) 392 et seq, and The Texas Deceptive Trade Practices Act, Chapter 17 of the Texas Business and Commerce code et seq (TXDTPA) establish the Plaintiff's cause of action for pendant state law claims.

A. Defendant Dyck violated multiple sections of the FCRA, FDCPA, TXFC 392, TXDTPA and engaged in Mail Fraud.
B. John/Jane Does 7-10 while working for Defendant Dyck committed at least five false or misleading representations in connection with the collection of a debt, by knowingly and intentionally furnishing false information in regards to the business address for Defendant Dyck to the credit bureaus four times and once verifying said information. These actions are also violations of 15 USC 1681(s-2)(a)(1)(A), 15 USC 1681(s-2)(b)(1), 15 USC 1692(e), and 392.304, 392.304(7), and 18 USC 1341.
C. John Doe #3 and Jane Doe #4, employees working for Defendant Dyck, each threatened to file suit despite the expiration the statute of limitations in Texas, which violates both 15 USC 1692(e) and 392.301(a)(8).
D. John/Jane Doe's 7-10 working for Defendant Dyck continued collection activity by verifying the address information after a dispute was sent to the address listed on my credit reports, which violates 15 USC 1692(g) and TXFC392.202
E. Defendant Dyck also failed to adhere to any part of the TXFC 392.202(a), 392.202(b), or 392.202(e).
F. Defendant Dyck obtained Plaintiff Cunningham's credit report on multiple occasions under false pretenses in violation of 15 USC 1681(q)
G. By attempting to obtain money through false pretenses and representations by intentionally and knowingly misrepresenting their address, which prevents a

4

consumer from mailing them a dispute letter in violation of the FDCPA, FCRA, TXFC392, and TXDTPA, Defendant Dyck engaged in mail fraud, pursuant to 18 USC 1341.

Under 15 U.S.C. §§ 1681n (a):

"Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer. And further, pursuant to 15 U.S.C. § 1681o, any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer."

and according to TXBCC 20.09 and 20.12:

"CIVIL LIABILITY. (a) A consumer reporting agency that wilfully violates this chapter is liable to the consumer against whom the violation occurs for the greater of three
times the amount of actual damages to the consumer or $1,000, reasonable attorney fees, and court or arbitration costs.

DECEPTIVE TRADE PRACTICE. A violation of this chapter is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17."

TXBCC 17.509(b)(1):

"The amount of economic damages found by the trier of fact. If the trier of fact finds that the conduct of the defendant was committed knowingly, the consumer may also recover damages for mental anguish, as found by the trier of fact, and the trier of fact may award not more than three times the amount of economic damages; or if the trier of fact finds the conduct was committed intentionally, the consumer may recover damages for mental anguish, as found by the trier of fact, and the trier of fact may award not more than three times the amount of damages for mental anguish and economic damages"

## FACTUAL ALLEGATIONS

Plaintiff Cunningham hereby re-incorporates and re-alleges the allegations set forth above.

7. On or about May 22nd 2007, Plaintiff Cunningham disputed an account with Dyck that was listed on his credit report with Defendant Experian. Plaintiff Cunningham specifically disputed the address for Dyck that was listed on the account as inaccurate: 5025 Arapaho Road, Addison, Tx. 75001 and the "date of status".

8. Plaintiff Cunningham has independently verified through three different sources, including the US Postal service that the address in question is inaccurate and does not exist. Defendant Dyck has in the past reported multiple non-existant business addresses for Defendant Dyck to the credit bureaus that on information and belief are a clump of trees on a par 4, dog leg at a golf course and the other is a vacant lot.

9. An employee of Defendant Experian (Jane Doe #1) stated multiple times that Plaintiff Cunningham could not dispute that information contained in Plaintiff Cunningham's credit file and that Plaintiff Cunningham should contact the data furnisher. Jane Doe's #1 supervisor took over the call and he too willfully refused multiple times to investigate the dispute about Defendant Dyck's address.

10. The refusal to investigate is constitutes an unreasonable investigation procedure and violates the law on multiple fronts. First, according to the statute, consumer reporting agencies do not get the option to pick and choose which types of information are disputable. If a consumer disputes, they must investigate. There is no qualifying or limitation on this other than the information contained in the consumer's report according to the statute. If it is information, and it is contained in a consumer disclosure, it is de-facto disputable.

11. By directing Plaintiff Cunningham to contact the data furnisher they are merely trying to shirk their "grave responsibilities" to investigate a consumer's dispute and their responsibility to ensure the maximum possible accuracy of a report. Directing someone to do your job for you can not be a reasonable investigation procedure.

6

12. In this case, the refusal and direction to contact the data furnisher is even more absurd and unreasonable investigation procedure due to the circumstances and nature of the dispute. The address of the data furnisher is in dispute, yet Defendant Experian still stated that Plaintiff Cunningham should contact the data furnisher, at the address that doesn't exist.

14. Defendant Experian failed to provide any dispute results within the statutory 30 day period following the dispute. They sent a document that stated that the account was "reviewed", which is meaningless and doesn't communicate what was disputed, what was verified, does not address the nature of the dispute, and does not meet any statutory requirement. No reasonable person would be able to discern any information about what happened before or after the dispute.

15. Following the dispute and 30 day period, Defendant Experian continued to report information that is inaccurate. The continued reporting is evidence that Defendant Experian does not have reasonable investigation procedures in place; since even a cursory glance at Google Earth would cast doubts as to the legitimacy of the address and merely mailing a letter would establish that "no such address" exists.

16. Jane Doe #6 indicated in a conversation with Plaintiff Cunningham that Defendant Experian had investigated each and every piece of information about the tradeline in question and indicated that Plaintiff Dyck had verified each and every piece of information about the tradeline, presumably including their address. Jane Doe #6 willfully refused to delete the tradeline. Note that Plaintiff Cunningham did not dispute every aspect of the tradeline.

17. Finally, the mere existence of a non-existent address indicates that Defendant Experian failed to exercise any level of due diligence in ascertaining the veracity of before allowing Defendant Dyck O' Neal to furnish data to the consumer reporting agency.

7

18. Over the period of the last 15 months, Defendant Dyck has obtained Plaintff Cunningham's consumer file on two occasions, and they reported a non-existent address each and every time.

19. By reporting a false address that is an illegal act involving the mail and post office, thus a defacto act of mail fraud.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against Defendants John/Jane Doe 1-10, and Defendant Experian, Defendant Dyck, and Traveler's Casualty and Surety Company of America for the following:

A. Declaratory judgment that Defendant John Doe's 1-10 conduct violated the FCRA, FDCPA, TXFC 392, TXBCC, and TXDTPA, as appropriately referenced.

B. Declaratory judgment that Defendant Experian's and Defendant Dyck's conduct violated the FCRA and TXBCC chapter 20.

C. Declaratory judgment that Defendant Dyck's actions violated the TXFC 392, FDCPA, TXDTPA, and their actions constitute mail fraud.

D. Statutory damages against defendant Experian for all FCRA Claims pursuant to 15 U.S.C. § 1681(n)(a)(1)(A) and TXBCC 20.09 in the amount of $6,000.

E. Statutory damages against John and Jane Does #1,2, and 6 for all claims pursuant to 15 USC 1681(n)(a)(1)(A) and TXBCC 20.09 in the amount of $2,000 per defendant for John/Jane Doe 1, 2, and 6.

F. Statutory damages against John Doe #3 and Jane Doe #4 for $2,000 each pursuant to TXFC392.403(e) violations and $1,000 each for FCRA violations pursuant to 15 U.S.C. § 1681(n)(a)(1)(A).

G. Statutory damages against John/Jane Does 7-10 per person for $38,000 pursuant to 15 USC 1681(n)(a)(1)(A) and TXBCC chapter 20.09 and statutory damages pursuant to TXFC392.403(e) for $4,000 and the FDCPA pursuant to 15 USC 1692k(a)(2) for $1,000 per person.

H. Statutory damages against Defendant Dyck pursuant to TXFC392.403(e) violations in the amount of $8,000 and FDCPA violations pursuant to 15 USC 1692k(a)(2) in the amount of $1,000.

I. Plaintiff also seeks punitive damages as each of the Defendants' actions towards Plaintiff was malicious and Defendants knowingly, willfully and repeatedly violated Plaintiff's rights. Defendants' actions constitute a wanton and gross disregard for the lawPunitive damages in the amount of $5,000,000 against Defendant Dyck and $5,000,000 against Defendant Experian pursuant to 15 USC 1681(n)(a)(2).

J. Plaintiff seeks injunctive relief immediately and permanently removing all information related to Dyck O' Neal and prohibiting Experian from displaying any information furnished from Defendant Dyck on any consumer's credit reports.

K. For such other and further relief as the Court may deem just and proper.

Plaintiff Cunningham hereby respectfully requests a jury for trial.

I, Craig Cunningham, hereby attest to and certify that the facts contained in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

Respectfully submitted,

Craig Cunningham

Plaintiff, Pro Se
Craig Cunningham                    Date July 3, 2007
7984 Nightfall
El Paso, Tx 79932
407-982-3976