

# UNITED STATES DISTRICT COURT

### WESTERN DISTRICT OF TEXAS
511 EAST SAN ANTONIO, COURTROOM 2
EL PASO, TEXAS 79901
(915) 534-6736

FILED

2008 MAR -5  PM 12: 54

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY

Chambers Of
**PHILIP R. MARTINEZ**
United States District Judge

March 5, 2008

*VIA UNITED STATES MAIL*

Craig Cunningham
P.O. Box 220158
El Paso, TX 79913

*VIA FACSIMILE*

*915/545-4911*
Jeffrey L. Jay
201 East Main Dr.
El Paso, TX 79901

> **Re:**    ***Craig Cunningham v. Experian Corporation et al.***
> **No. EP-07-CV-241-PRM**

Counsel:

You currently have jury selection and a jury trial scheduled for Friday, April 25, 2008. This letter is sent as a courtesy to inform you of courtroom practices and procedures. It is therefore advisable that counsel review the following information carefully:

### A.    Pretrial Motions and Briefs

The parties should adhere to the deadlines contained in the scheduling order entered in the cause. The parties are also encouraged to file short trial briefs or memorandum briefs addressing any unusual questions of law that may arise during trial. The parties should inform the law clerk of any motions in limine or other pretrial non-dispositive motions as soon as possible before trial, **but in no event later than the time specified below in section I.**

### B.    Daily Schedule

The Court may conduct proceedings until late in the evening and on weekends. As such, counsel should be prepared to present evidence after normal business hours. In any event, the Court will endeavor to inform the parties in advance if testimony will be heard past 6:00 p.m. or on weekends.

### C.    Opening Statements

The Court will limit opening statements to about ten minutes per side. Only in special circumstances (for example, multiple plaintiffs or defendants) will the Court consider allowing additional time for opening statements.

D.    <u>Depositions</u>

If a party intends to enter the contents of a deposition into evidence in lieu of presenting live testimony, the relevant portion of the deposition should be reduced to a stipulated summary, tendered in a narrative format, and written in the third person.  Accordingly, prior to the date of trial, the parties are required to confer and reach an agreement on a fair summary of the substance of any deposition testimony that will be proffered at trial.

E.    <u>Video Depositions</u>

The Court will not allow video deposition testimony beyond thirty minutes per witness per side, except under exceptional circumstances.  If a party is able to present the entirety of a witness's deposition within the thirty minute limit, then that party should present the entirety of the deposition.  However, if the video deposition is longer than thirty minutes, then the party may show only the first ten minutes of the deposition and present the rest in the form of a written summary.  Please follow the instructions set forth in Section D in presenting the summary.  The parties are encouraged to provide all necessary equipment for trial presentation.

F.    <u>Exhibits</u>

Counsel should have exhibits for each witness well organized in an appropriately tabbed binder.  The Court suggests that counsel insert copies of all exhibits in a tabbed notebook and place the notebook on the witness stand during a break in the proceedings, **before** the witness takes the stand.  The Court will allow **a very limited number of approaches** to the witness.  Counsel should prepare separate notebooks for the Judge, the court reporter, the law clerk, the witness stand, and opposing counsel (in addition to the exhibits submitted for the record).  Counsel should also include a list of all exhibits with a space to mark whether or not the exhibit was admitted in the notebooks for the Judge, the court reporter, and the law clerk.

G.    <u>Control of Proceedings</u>

The Court maintains complete control over courtroom proceedings.  **Bench conferences will be held to a minimum**.  The parties should anticipate matters which need to be raised before trial and should consult immediately with the law clerk so as to allow the Court time to accommodate hearing such matters.  If counsel asks for "one more question" of a witness, the Court will allow just that and no more.  If counsel makes a prediction regarding when he or she will close, the Court may enforce that prediction.

H.    <u>Interpreters</u>

The parties must notify the Court as soon as possible if they intend to utilize the services of an interpreter.  The parties are responsible for securing and paying for their own interpreter.

I.    <u>Local Rule 16(e)</u>

Notwithstanding the provisions of Local Rule 16(e), each party must serve and file the following information at least **twenty-one (21) calendar days** before the scheduled date for trial or the final pretrial conference–whichever is first.

> (1)    A statement of the party's claims or defenses to be used by the Court in conducting voir dire.  The statement shall be no longer than ½ page with type double-spaced.
>
> (2)    A list of proposed stipulated facts.

(3)      An appropriate identification of each exhibit (except those to be used for impeachment only), separately identifying those which the party expects to offer and those which the party may offer if the need arises.

(4)      The name and, if not previously provided, the address and telephone number of each witness (except those to be used for impeachment only), separately identifying those whom the party expects to present and those whom the party may call if the need arises. Additionally, the Court requests a summary of each witness's expected testimony.

(5)      The name of those witnesses whose testimony is expected to be presented by means of a deposition (except those to be used for impeachment only) and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

(8)      Any motions in limine.

(9)      An estimate of the probable length of trial.

Additionally, the parties must serve and file the following at least **fourteen (14) calendar days** before the scheduled date for trial or the final pretrial conference--whichever is first.

(10)      A list disclosing any objections to the use under Rule 32(a) of a deposition designated by the other party.

(11)      A list disclosing any objection, together with the grounds therefore, that may be made to the admissibility of any exhibits. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

**IN ADDITION TO FILING THE PRETRIAL SUBMISSIONS, THE PARTIES MUST TIMELY SUBMIT TO THE COURT A COURTESY COPY OF ALL PRETRIAL SUBMISSIONS, APPROPRIATELY TABBED AND COMPLETE. NO UNTIMELY SUPPLEMENTS TO THE SUBMISSIONS WILL BE ACCEPTED UNLESS SPECIFICALLY REQUESTED BY THE COURT.**

If you have any questions, please feel free to contact my law clerk, Meredith Edelman, at (915) 534-6736 or Meredith_Edelman@txwd.uscourts.gov.

All the best,

Philip R. Martinez

3